3. That it would have been useless to make the treasurer a party. He could not be compelled to give a discharge, until the whole sum due on the bond should have been paid. The court below have done all that, *at present*, they can do; and it can never be an objection to a decree, that it does not provide for every future contingency.

BY THE COURT, unanimously,

The judgment was affirmed.

## Lewis *v* Hawley.*

In the Court below,

ISAAC HAWLEY, *Plaintiff*; WALKER LEWIS, *Defendant*.

THIS was an action of slander.

The declaration alleged, that the plaintiff, for more than twenty years, had exercised the trade and business of a drover, and purchaser and packer of provisions, and had been in the constant practice of purchasing large droves of cattle on credit, and for ready money, and driving them to market, and then selling the same, by which he made great profit and gain : That the defendant, in the hearing of diverse good people of this state, uttered and published, of and concerning the plaintiff, the following malicious, false, and defamatory words, *viz.* " *Isaac Hawley*, is a bankrupt, and is " not able to pay his just debts :" [with other words, charged in several counts, to the same effect.] And that, by means of which malicious, false and defamatory words, spoken and published, by the defendant as aforesaid, of and concerning the plaintiff, in his business, the plaintiff had been greatly injured therein, and his credit destroyed.

---

1807.

HYDE
*v.*
TRACY.

---

To say of a *drover*, whose business it is to purchase droves of cattle, drive them to market, and sell them, that he is a *bankrupt*, is actionable, without special damage being shewn.

A written answer to a motion in arrest is unnecessary.

The defendant pleaded *not guilty ;* and the jury found a verdict for the plaintiff.

The defendant then moved in arrest of judgment, alleging, first, that some irregularity had intervened in drawing the names of three of the jurors who tried the cause from the boxes ; and, secondly, that the declaration was insufficient.

To this motion no answer was made in writing ; but the parties were heard thereon before the court. The first exception was found to be untrue ; and the second was adjudged insufficient.

*Ingersoll,* and *Smith,* (of New-Haven,) for the plaintiff in error.

1. The declaration is insufficient. No special damages are stated. If sustainable at all, it must be on the ground, that the words are actionable in themselves. Are these words of that description ? To say of a physician that he is a knave, or of a lawyer that he is a bankrupt, is not actionable, though it may injure the one or the other. If any injury does actually accrue, it must be stated specially. If this declaration may be sustained, there is no man in community, who ever has occasion to obtain a credit, who may not bring an action against one for calling him a bankrupt, without shewing special damage. The plaintiff must state, in technical language, that he is a *merchant,* &c. and must then shew *how* he has been injured. It is not sufficient to state the *evidence* of his being a merchant, as that he bought and sold.

2. The motion in arrest ought to have been answered. The settled practice of the courts in this state, and the propriety of the thing, required this to be done. The judgment without such answer was irregular, and ought to be reversed. In *The State* v. *Worthington,* twenty years ago, an

objection to a report of auditors was made *summarily ;* and on a writ of error, the judgment was reversed.

*Daggett,* and *R. M. Sherman,* for the defendant in error.

1. The allegations in this declaration are not only sufficient after verdict, but are more precise than usual. They shew abundantly, that the plaintiff might have been a subject of the bankrupt law, and it will not be denied, that to say of such a trader, that he is a bankrupt, is actionable in itself. The question in these cases is not how much a man has dealt, but has he dealt at all? If it appears to the jury, that he has dealt very little, they will give small damages.

2. To go into special pleadings on a motion in arrest, is an aberration from correct practice, attended with much inconvenience and absurdity. It is never done in Westminster-Hall, nor in the neighbouring states. Nor is the practice universal in our courts. There are sixteen motions in arrest reported in *Kirby,* and not to one of them is there an answer.

BY THE COURT, unanimously,

The judgment was affirmed.

1807.

LEWIS
*v.*
HAWLEY.